**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION**

| | | |
|---|---|---|
| IN ZONE, INC., | § | CIVIL ACTION NO. |
| | § | |
| | § | 2:08-cv-376 |
| Plaintiff, | § | |
| v. | § | |
| | § | |
| DAS DISTRIBUTORS, INC. | § | **Jury Trial Demanded** |
| PILOT TRAVEL CENTERS, LLC, | § | |
| LOVE'S COUNTRY STORES, INC. | § | |
| and J. SHENG CO., LTD. | § | |
| | § | |
| Defendants. | § | |

**IN ZONE, INC.'S FIRST AMENDED COMPLAINT**

Plaintiff In Zone, Inc. ("In Zone") alleges and states the following for its First Amended Complaint against DAS Distributors, Inc. ("DAS"), Pilot Travel Centers, LLC ("Pilot"), Love's Country Stores, Inc. ("Love's"), and J. Sheng Co., Ltd. ("Sheng") (collectively referred to as "Defendants"):

**Parties**

1.     Plaintiff, In Zone, Inc. is a Georgia corporation with its principal place of business at 2251 Corporate Plaza Parkway, Suite 220, Smyrna, GA 30080.

2.     Upon information and belief, Defendant DAS is a Pennsylvania corporation having a principal place of business at RR2, Box 275K, Palmyra, PA 17078-9741.  It may be served at its principal place of business, RR2, Box 275K, Palmyra, PA 17078-9741.

3.     Upon information and belief, Defendant Pilot is a Tennessee corporation having a principal place of business at 5508 Lonas Drive, Knoxville, Tennessee 37909.  It may be served

by serving its registered agent, CT Corporation System, 800 S. Gay Street, Suite 2021, Knoxville, Tennessee 37929-9710.

4. Upon information and belief, Defendant Love's is an Oklahoma corporation with a principal address at 10601 N. Penn, Oklahoma City, Oklahoma 73120. It may be served by serving its agent for service of process, Thomas E. Love, Love's Country Stores, Inc., 10601 N. Penn, Oklahoma City, Oklahoma 73120.

5. Upon information and belief, Defendant Sheng is a Taiwanese company with a principal place of business at No. 1, Hua Hsiu Rd., Hsiu Shui Hsiang, Changhua Hsuen 504, Taiwan, R.O.C. Service of process can be effected by international registered mail/return receipt requested, by agent, or pursuant to a letter rogatory in accordance with Federal Rule of Civil Procedure 4(f).

**Nature of Action; Jurisdiction and Venue**

6. This is an action for patent infringement under the Patent Laws of the United States, 35 U.S.C. §§ 271 *et seq*, trade dress infringement and unfair competition under the Lanham Act, 15 U.S.C. §§ 1125 *et seq*., and trade dress infringement, unfair competition, and unjust enrichment under Texas common law. The amount in controversy exceeds $75,000, exclusive of interests and costs.

7. This Court has jurisdiction over the claims made in this complaint under the federal Patent Laws of the United States, 35 U.S.C. § 281, the Lanham Act, 15 U.S.C. § 1121, and under the Judicial Code of the United States, 28 U.S.C. §§ 1331, 1332, & 1338 and supplemental or pendant jurisdiction over the state law claims because they derive from a common nucleus of operative facts with regard to the federal claims.

8. Personal jurisdiction and venue are proper in this district as to each of the Defendants pursuant to 28 U.S.C. § 1391 & 1400(b) because Defendants have individually and collectively committed and continue to commit acts of patent and trade dress infringement and unfair competition in the State of Texas and in this judicial district.

## Background

### In Zone and Its Patented Design and Trade Dress

9. In Zone makes and sells, among other things, distinctive thermal insulated beverage containers comprising a keg-like shape and having a distinctive metal band around the middle portion of the container. The overall appearance of the various product configurations of In Zone's **BUBBA KEG®** beverage containers constitutes its legally protectable **BUBBA KEG®** Trade Dress. True and correct pictures of the family of products comprising the **BUBBA KEG®** Trade Dress, including photographs of the travel mugs included within the family of the **BUBBA KEG®** Trade Dress, are attached as **Exhibit A**.

10. On September 2, 2004, inventors Monty L. Allen, Kenneth C. Kreafle and Leon J. Scott filed an application for the ornamental design of the travel mug version of the **BUBBA KEG®** beverage container. United States Patent No. D507,458 ("In Zone's '458 Patent") entitled "Travel Cup" issued on July 19, 2005, listing In Zone, Inc. as the sole Assignee. A true and correct copy of In Zone's '458 Patent is attached as **Exhibit B**.

11. In Zone, Inc. is the owner of all right, title and interest in and to the '458 Patent, and has the right to bring this action, to enforce the patent and to recover for infringement thereof.

12. In Zone began selling various versions of its **BUBBA KEG**® beverage containers comprising the **BUBBA KEG**® Trade Dress at least as early as March 2003. In Zone began selling its travel mug **BUBBA KEG**® beverage containers comprising the **BUBBA KEG**® Trade Dress at least as early as April 2004. Beginning in September 2004, In Zone marked its **BUBBA KEG**® Travel Mug beverage containers with the words "Patent Pending," In Zone's company logo, the word "IN ZONE" and its website address (www.in-zone.com). Since July 2005, In Zone has been marking its **BUBBA KEG**® Travel Mug beverage containers with the legend "Patent D507,458".

13. In Zone has invested and continues to invest substantial sums in promoting its products and services offered under the distinctive **BUBBA KEG**® Trade Dress. In Zone's **BUBBA KEG**® Trade Dress is well-known in the beverage industry and is recognized by the consuming public as a source identifier. The **BUBBA KEG**® Trade Dress is both inherently distinctive and has achieved secondary meaning. In Zone has developed valuable goodwill in its **BUBBA KEG**® Trade Dress.

### Defendant Sheng's Prior Infringing Actvities

14. In October 2007, an In Zone employee discovered that Sheng was offering for sale certain knockoff travel mugs at a house wares show in Hong Kong.

15. Thereafter, on November 29, 2007, counsel for In Zone sent a cease and desist letter to the President of Sheng advising Sheng of In Zone's U.S. rights and referring Sheng to In Zone's patent and the products shown on its website. A true and correct copy of In Zone's letter and attachment is attached hereto as **Exhibit C.**

16.  On December 13, 2007, counsel for In Zone received a response from Sheng which appeared to be a complete capitulation to In Zone's demands regarding sales and distribution of infringing products in the United States. The letter states in part:

> B.  We understand the vexation of In Zone, Inc. regarding to the similarity that our products, Model 147-SS and Model 138-SS, might have to BUBBA KEG trade dress. But please be advised that our products are mugs designed for heating but not cooling. Although they are all mugs, they are used for totally different purpose. Anyway, as a manufacturer producing mainly patented products, we totally respect your concern and we agree "**Before receiving the USA patent for our products, Model 147-SS and Model 138-SS, we stop all the business activities for these 2 products to the market of USA**".
>
> May I bring you attention that we, Jeng Sheng Enterprise Co., Ltd, respect totally anyone's patent, trade dress, copy right and so on. We ourselves also have many patents for our own products in many countries. We in deed are very sorry to receive the accusing from In Zone, Inc. Maybe some designs of our products, Model 147-SS and Model 138-SS, are close to BUBBA KEG trade dress. But please do trust us that even if there is any, it happens only because of the not enough research to the existed products. We never in purpose violate anyone's patent, trade dress, copy right and so on. Again, as a manufacturer having many patents registered in many countries, it is the last thing we want to know that someone else is copying our products.
>
> Anyway, to look this issue in an optimistic way, as you have already known, we are looking for the partner for the market of USA. We've learned that In Zone, Inc. is one leading manufacturer and distributor also for various house-ware products in USA. Maybe there is any chance for us to work with In Zone, Inc. in the market of heated mugs.

(emphasis in original). A true and correct copy of Sheng's response letter and accompanying attachments is attached hereto as **Exhibit D**.

17.  On information and belief, Sheng's letter was signed by Chih-Hsiang Liu. Enclosed with the letter were two patents assigned to Sheng, U.S. 6,852,954 and U.S. D545,128 (hereafter "the '128 Patent"), both listing Liu as the first named inventor.

18.     The '128 Patent is directed to the ornamental design of a heated travel mug.  It was filed on July 15, 2005 and issued on June 26, 2007.  Chih-Hsiang Liu and Shu-Fen Li are the named inventors and  J. Sheng Co., Ltd. is listed as the sole assignee on the face of the '128 Patent.

### Sheng's Invalid and Unenforceable U.S. Patent D564,300

19.     After filing the application that matured into the '128 Patent, on October 2, 2006, Chih-Hsiang Liu filed another application, no. 29/249,330, entitled "Travel Mug".  The application subsequently issued on March 18, 2008 as U.S. Patent No. D564,300 (hereafter "the '300 Patent").  Accordingly, the application for the '300 Patent was pending at the U.S. Patent and Trademark Office ("USPTO") during the time of the communications referenced above between Sheng and In Zone. On its face, the '300 Patent is assigned to J. Sheng Co. Ltd.  A true and correct copy of the '300 Patent is attached as **Exhibit E.**

20.     Despite In Zone's express identification of its patents, products and **BUBBA KEG**® Trade Dress to Sheng, and Liu's and Sheng's acknowledgement of the similarity between the travel mugs that it was manufacturing and In Zone's patent and trade dress rights, Sheng, inventor Liu and/or their attorney never identified either In Zone's patents or its **BUBBA KEG**® line of products to the USPTO during the prosecution of the '300 Patent. Further, Sheng, Liu, and/or their attorney also failed to disclose Sheng's '128 Patent to the USPTO during the prosecution of the '300 Patent.

21.     In Zone's **BUBBA KEG**® line of products, its design patents and Sheng's '128 Patent each constitute material prior art to the '300 Patent.

22.     Upon information and belief, Sheng, inventor Liu and/or those substantively involved in the prosecution of the '300 Patent intentionally withheld and/or failed to disclose material prior art and such withholding and/or failure to disclose was done with the intent to mislead the USPTO into granting the '300 Patent.  In Zone's patents and **BUBBA KEG**® Trade Dress and Sheng's '128 Patent would have been material to the examination of the '300 Patent application.  Sheng's, inventor Liu's, and/or their attorney's actions and/or inactions during the prosecution of the '300 Patent constitute inequitable conduct before the USPTO.  Such inequitable conduct renders the '300 Patent unenforceable.

### Defendants' Current Infringement and Other Injurious Activities

23.     On October 2, 2008, two travel mugs were purchased at Defendant Pilot Travel Center's convenience store in Orange, Texas.  One travel mug has a tag labeled "ROADPRO® Stainless Steel Travel Mug 16 oz."; the second mug has a tag labeled "ROADPRO® Stainless Steel Travel Mug 34 oz" (collectively hereafter the "Knockoff Travel Mugs").  The Knockoff Travel Mugs are imprinted with the words "Made in China." Apart from their different sizes, the two Knockoff Travel Mugs appear to be identical.  True and correct copies of photographs of the Knockoff Travel Mugs are attached as **Exhibits F** and **G** hereto.

24.     That same day, an identical 16 ounce Knockoff Travel Mug was purchased at Defendant Love's Truck Stop's convenience store in Lufkin, Texas.

25.     Upon information and belief, DAS distributes travel accessories, including the Knockoff Travel Mugs, under the ROADPRO® mark.

26.     Upon information and belief, Sheng manufactures the Knockoff Travel Mugs that are distributed in the United States by DAS.

27. The Knockoff Travel Mugs infringe In Zone's design patent and are confusingly similar to In Zone's distinctive **BUBBA KEG**® Travel Mug Trade Dress. The Knockoff Travel Mugs are likely to deceive and confuse customers, and irreparably harm and dilute In Zone's valuable goodwill in the **BUBBA KEG**® Trade Dress.

### Injury to In Zone and to the Consuming Public

28. Defendants' unauthorized use of a product configuration that is confusingly similar to In Zone's **BUBBA KEG**® Trade Dress falsely indicates to consumers that Defendants' activities are approved, sponsored, or licensed by, or that Defendants are affiliated or otherwise associated with In Zone, which is not the case.

29. Defendants' unauthorized use of a product configuration that is confusingly similar to In Zone's **BUBBA KEG**® Trade Dress in the manner described above is likely to cause confusion, to cause mistake, and/or to deceive customers and potential customers of the parties, at least as to some affiliation, connection, or association of Defendants with In Zone.

30. Defendants' unauthorized use of a product configuration that is confusingly similar to In Zone's **BUBBA KEG**® Trade Dress unjustly enriches Defendants at the expense of In Zone's valuable goodwill.

31. Defendants' unauthorized use of a product configuration that is confusingly similar to In Zone's **BUBBA KEG**® Trade Dress places the valuable reputation and goodwill of In Zone's **BUBBA KEG**® Trade Dress in the hands of Defendants, over whom In Zone has no control.

32. Defendants' unauthorized use of a product configuration that is confusingly similar to In Zone's **BUBBA KEG**® Trade Dress also creates initial consumer interest in Defendants' goods and services, thereby diverting potential sales of In Zone's **BUBBA KEG**®

products from In Zone distributors and representatives to the goods manufactured, sold and/or distributed by or on behalf of Defendants.

33. Unless Defendants' unlawful acts of patent and trade dress infringement and unfair competition are enjoined by this Court, they will continue, causing irreparable injury to In Zone and to the public, for which there is no adequate remedy at law.

### In Zone's Causes of Action Against Defendants

### Count 1: Patent Infringement Under The Federal Patent Act

34. In Zone repeats and re-alleges paragraphs 1–33 above as if fully set forth herein.

35. Defendants' actions, as set forth above, constitute patent infringement in violation of the Patent Act, 35 U.S.C. § 271.

36. Upon information and belief, Defendants' infringement of the '458 Patent is willful and deliberate, entitling In Zone to increased monetary relief under 35 U.S.C. § 284 and to attorneys' fees incurred in prosecuting this action under 35 U.S.C. § 285.

37. By reason of the foregoing, In Zone has been and will continue to be irreparably harmed and damaged. In Zone's remedies at law are inadequate to compensate for this harm and damage.

### Count 2: Trade Dress Infringement and Unfair Competition Under The Lanham Act

38. In Zone repeats and re-alleges paragraphs 1–37 above as if fully set forth herein.

39. Defendants' unauthorized acts, as set forth above, constitute trade dress infringement and unfair competition in violation of the Lanham Act, 15 U.S.C. § 1125(a)(1).

40. Upon information and belief, Defendants' acts of trade dress infringement and unfair competition are willful and deliberate, entitling In Zone to recovery of increased monetary

relief and attorney fees under 15 U.S.C. § 1117 and destruction of the infringing articles under 15 U.S.C. § 1118.

41. By reason of the foregoing, In Zone has been and will continue to be irreparably harmed and damaged. In Zone's remedies at law are inadequate to compensate for this harm and damage.

### Count 3:  Common Law Trade Dress Infringement

42. In Zone repeats and re-alleges paragraphs 1–41 above as if fully set forth herein.

43. Defendants' acts, as set forth above, constitute trade dress infringement under the common laws of the State of Texas.

44. By reason of the foregoing, In Zone has been and will continue to be irreparably harmed and damaged. In Zone's remedies at law are inadequate to compensate for this harm and damage.

### Count 4: Common Law Unfair Competition

45. In Zone repeats and re-alleges paragraphs 1-44 above as if fully set forth herein.

46. Defendants' acts, as set forth above, constitute unfair competition under the common laws of the State of Texas.

47. By reason of the foregoing, In Zone has been and will continue to be irreparably harmed and damaged. In Zone's remedies at law are inadequate to compensate for this harm and damage.

### COUNT 5: UNJUST ENRICHMENT

48. In Zone repeats and re-alleges paragraphs 1–47 above as if fully set forth herein.

Case 2:08-cv-00376-TJW-CE   Document 5   Filed 10/17/08   Page 11 of 15 PageID #: 38

49. Defendants' past and continued unauthorized use of a product configuration that is confusingly similar to In Zone's **BUBBA KEG**® Trade Dress enriches Defendants at the expense of In Zone's valuable goodwill.

50. Defendants' continued use of In Zone's **BUBBA KEG**® Trade Dress has, and continues to, confer an unjust benefit upon Defendants.

51. It would be inequitable for Defendants to retain that benefit without payment to In Zone.

### Count 6: Declaration of Invalidity of Sheng's '300 Patent

52. In Zone repeats and re-alleges paragraphs 1–51 above as if fully set forth herein.

53. The claims of the '300 Patent are invalid for failure to satisfy the conditions for patentability set forth in the Title 35 of the United States Code, including, without limitation, § 101, 102, 103, and 112.

54. Pursuant to the Federal Declaratory Judgment Act, 28 U.S.C. § 2201 et seq., In Zone requests the Court to declare that the '300 Patent is invalid.

### Count 7: Declaration of Unenforceability of Sheng's '300 Patent

55. In Zone repeats and re-alleges paragraphs 1–54 above as if fully set forth herein.

56. Pursuant to the Federal Declaratory Judgment Act, 28 U.S.C. § 2201 et seq., In Zone requests the Court to declare that the '300 Patent is unenforceable.

57. Sheng, inventor Liu and/or those substantively involved in the prosecution of the '300 Patent intentionally withheld and/or failed to disclose material prior art as set forth in paragraphs 15-22 above. Such withholding and/or failure to disclose was done with the intent to mislead the USPTO into granting the '300 Patent and those actions and/or inactions during the

prosecution of the '300 Patent constitute inequitable conduct before the USPTO, rendering the '300 Patent unenforceable.

## PRAYER FOR RELIEF

**WHEREFORE**, In Zone, Inc. requests the entry of judgment against Defendants as follows:

1. That the Court preliminarily and permanently enjoin Defendants, their officer(s), agents, servants, employees, attorneys, successors and assigns, and all those persons in active concert or participation with any of them:

    a. From directly or indirectly making or causing to be made, using or selling or causing to be sold, any apparatus, device or article which embodies and/or employs the invention defined by the claim of United States Letters Patent No. D507,458;

    b. from using in any way, and on or through any medium, In Zone's **BUBBA KEG**® Trade Dress or any other product configuration that is confusingly similar thereto, in connection with the promotion, advertising, or offering of beverage container products;

    c. from otherwise competing unfairly with In Zone in any manner, including, without limitation, unlawfully adopting or using a product configuration confusingly similar to In Zone's **BUBBA KEG**® Trade Dress;

    d. from holding themselves out in any form of advertising or promotion as an authorized distributor or representative of In Zone, or from representing or otherwise suggesting that Defendants' activities are approved, sponsored, or licensed by, or that Defendants are affiliated or otherwise associated with or approved by In Zone; and

    e. from conspiring with, aiding, assisting or abetting any other person or business entity in engaging in or performing any of the activities referred to in subparagraphs a-d above;

2. That the Court order Defendants, their officer(s), agents, servants, employees, attorneys, successors and assigns, and all those persons in active concert or participation with any of them, to deliver up for destruction, or show proof of destruction of, any and all containers, labels, signs, prints, packages, wrappers, receptacles, and advertisements, and any other materials in their possession or control that are confusingly similar to the **BUBBA KEG**® Trade Dress or any other mark or trade dress confusingly or substantially similar thereto, or any other mark owned by In Zone or any of its affiliates, subsidiaries, or parents, and any materials or articles used for making or reproducing the same as provided by 15 U.S.C. § 1118;

3. That the Court order Defendants to file with the Court and to serve upon In Zone, within thirty (30) days after the entry and service on each of the Defendants of an injunction, a report in writing and under oath setting forth in detail the manner and form in which each Defendant has complied with the injunction;

4. That In Zone recover all damages it has sustained as a result of DAS's infringement, false advertising, unfair competition and unjust enrichment;

5. That In Zone recover all damages it has sustained as a result of Pilot's infringement, false advertising, unfair competition and unjust enrichment;

6. That In Zone recover all damages it has sustained as a result of Love's' infringement, false advertising, unfair competition and unjust enrichment;

7. That said damages attributable to Defendants' actions be trebled pursuant to 15 U.S.C. § 1117(a) and/or 35 U.S.C. § 284;

8. That an accounting be directed to determine Defendants' profits resulting from its infringement, false advertising, unfair competition and unjust enrichment, and that such profits be awarded to In Zone and that, pursuant to 15 U.S.C. 1117(a), be increased as the Court finds to be just under the circumstances of this case to properly compensate In Zone for the harm caused by Defendants;

9. That the Court declare that this is an exceptional case and award In Zone its reasonable attorneys' fees for prosecuting this action pursuant to 15 U.S.C. § 1117(a) and/or 35 U.S.C. § 285, or award In Zone its reasonable attorneys' fees as provided for under Texas law;

10. That In Zone recover its costs of this action and prejudgment and post-judgment interest;

11. That the Court declare U.S. Patent D564,300 to be invalid;

12. That the Court declare U.S. Patent D564,300 to be unenforceable; and

13. That In Zone be awarded and recover such other relief as the Court may deem appropriate.

**JURY TRIAL DEMAND**

Pursuant to Federal Rule of Civil Procedure 38, In Zone hereby demands a trial by jury on all issues triable by right to a jury.

Respectfully submitted,

October 17, 2008

/s/ John C. Cain
John C. Cain
Texas State Bar No. 00783778
Keana T. Taylor
Texas State Bar No. 24042013
WONG, CABELLO, LUTSCH,

-15-

        RUTHERFORD & BRUCCULERI, LLP
20333 SH 249, Suite 600
Houston, TX  77070
(832) 446-2400    Telephone
(832) 446-2424  Facsimile

**ATTORNEYS FOR PLAINTIFF,
IN ZONE, INC.**